UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DOMINICK LAVAR DANIELS                    CIVIL ACTION NO. 15-cv-2746

VERSUS                                     JUDGE HICKS

ALFORD CASON, ET AL                       MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

Dominick L. Daniels ("Plaintiff"), who is self-represented, filed this civil action against Alford Cason and other defendants. The complaint states that it is brought under 42 U.S.C. § 1983. Plaintiff alleges that Mr. Cason was engaged in the business of selling used cars by postings on Facebook and Craiglist, and Plaintiff apparently worked for him by washing the cars, driving cars to buyers, and generally running errands.

Plaintiff alleges that Cason "never paid me for working for him," but he then lists a number of car sales by which Cason allegedly profited handsomely and paid Plaintiff small amounts such as $40 or $60. Plaintiff complains that Cason "made me lie to his wife so he could go sleep with his baby mom." He further alleges that Cason put Plaintiff's life in danger many times by the customers who bought the cars. He contends that Cason put "Blue Devil" (a leak sealer product) in the cars to make them run well enough to sell, but angry customers later returned and threatened violence with weapons ranging from baseball bats

to shotguns. Plaintiff also alleges that Cason "put 3 cars in my name & one SUV without my noing what he doing."

The complaint lists as defendants, in addition to Mr. Cason, Mr. Brown (a notary public); Mrs. Burt and Mrs. Rita, both of whom are said to work at the Bossier Parish Office of Motor Vehicles; and the Office of Motor Vehicles. The complaint does not contain any actual allegations against those parties. For the reasons that follow, it is recommended the complaint be dismissed for lack of subject-matter jurisdiction.

**Jurisdiction Required**

The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject-matter jurisdiction. <u>Torres v. Southern Peru Copper Corp.</u>, 113 F.3d 540, 542 (5th Cir. 1997). If subject-matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. <u>Humphries v. Various Federal U.S. INS Employees</u>, 164 F.3d 936, 941 (5th Cir. 1999). Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of alleging facts and otherwise establishing that jurisdiction exists. <u>Aetna v. Hillman</u>, 796 F.2d 770, 775 (5th Cir. 1986).

**Analysis**

The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff invokes Section 1983, but there is no indication that Mr. Cason was operating as a government

employee or other form of state actor, so no Section 1983 claim could lie against him. See West v. Atkins, 108 S.Ct. 2250 (1988). Plaintiff names as defendants a notary public, two state employees, and a state agency, but he makes no specific allegations against them that could possibly state a colorable Section 1983 claim. The only mention of the government defendants is in the list of defendants. It is permissible for the court to dismiss for lack of jurisdiction when, as here, a federal claim is mentioned but is wholly insubstantial and frivolous or is made solely for the purpose of obtaining federal jurisdiction. Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir. 1981).

Plaintiff alleges that Mr. Cason is transporting drugs across state lines in violation of federal law. Plaintiff asks that Cason be found guilty and sent to federal prison. The Supreme Court has recognized that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 93 S.Ct. 1146, 1149 (1973). For example, a prisoner who complained that a sheriff did not file criminal charges against guards who beat him failed to state an actionable claim. Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). See also Lewis v. Jindal, 368 Fed. Appx. 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution."). Accordingly, this request also fails to present a non-frivolous federal claim on which jurisdiction could rest.

Plaintiff does not specifically invoke Section 1332, but that source of jurisdiction is also unavailable. Section 1332 requires complete diversity of citizenship. A federal court

cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). Plaintiff lists a Louisiana address, and the complaint strongly suggests that some or all of the named defendants are also citizens of Louisiana. Accordingly, Plaintiff has not met his burden of alleging facts that show diversity of citizenship. It is also unlikely that Plaintiff has satisfied the requirement that the amount in controversy exceed $75,000.

**Conclusion**

Plaintiff's complaint does not set forth allegations that meet his burden of presenting facts that permit this court to exercise subject-matter jurisdiction. His complaint should be dismissed without prejudice for lack of jurisdiction. If Plaintiff wishes to pursue his claims, he will have to do so in a state court that has jurisdiction and is a proper venue. The federal court is simply not the proper court for the dispute between these parties. Plaintiff should also ensure that any suit he files in another court is timely and states an actionable claim under state law. Filing a frivolous suit in state court can, as in federal court, result in the filer being sanctioned.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of December, 2015.

_____
Mark L. Hornsby
U.S. Magistrate Judge